## BANK OF THE UNITED STATES, PLAINTIFF v. WILLIAM GREEN AND OTHERS, DEFENDANTS.

Upon a motion of the defendants a rule was given, in the circuit court of the United States for the district of Ohio, on the marshal, to show cause why the taxation of costs in the case, upon execution, should not be reversed and corrected, in respect to the marshal's poundage taxed against the defendants. The judges of the circuit court were divided in opinion upon the questions of costs presented on the hearing of the rule, and certified the division to this court. Held, that this court had not jurisdiction of the cause.

THIS case came before the court on a certificate of division of opinion between the judges of the circuit court of the United States for the district of Ohio

In the circuit court of Ohio, at July term 1829, on the motion of the defendants, a rule was given on the marshal of the district of Ohio, and on the plaintiff, to show cause why the taxation of costs in this case, upon execution, should not be reversed, and corrected in respect to the marshal's poundage taxed against the defendants.

Upon showing cause, it appeared, that on the 30th day of September 1824, the plaintiff sued out of this court a writ of fieri facias et levari facias against the goods and chattels of the defendants, sixty-one thousand one hundred and forty dollars and forty-nine cents, with interest from the 5th of September 1821 until paid, returnable the first Monday in January 1825; on which said writ was indorsed by the parties an agreement waiving any levy on goods and chattels, and that a levy should be made on real estate; in pursuance whereof, the marshal made return of a levy on various parcels of real estate in the city of Cincinnati and elsewhere, that he had sold the same, and made part of the money, but had made no further levy for want of time. This return was made first Monday of January 1825. It further appeared, upon a further process on the same judgment, a further levy was made on real estate, the sale of which was stayed by plaintiff; and that, for the sale of various parcels of real estate so levied by the marshal, the plaintiff, on the 9th day of April 1827, issued out of this court, upon the said marshal's return, a writ of venditioni exponas,

returnable to the second Monday of July 1827; which writ the plaintiff's agent returned to the clerk's office the 5th July 1825, not having placed the same in the hands of the marshal, but having received satisfaction of the judgment from the defendants. It further appeared, that the marshal, upon the last mentioned levy, indorsed the taxation of his poundage at seven hundred and ninety-two dollars and fifty cents, under the act of congress, which is the taxation complained of, and sought to be reversed and corrected by the said rule nisi. It further appeared that by a law of the state of Ohio, passed the 19th February 1824, and then and ever since regulating the fees of certain officers, the poundage of sheriffs, on writs of executions from all courts of the said state, is granted by a single clause in the following words: "poundage on all moneys made on execution two per cent," which then was and still is the only law of the state regulating or granting poundage. The whole of the law of Ohio is referred to as a part of the case. It further appeared, that, at the December separate session of the supreme court of Ohio in the year 1826, in the case of Vance against the Bank of Columbus, that court decided that the words "money made on execution" in the above clause, could only relate to such sums as are actually paid into the sheriff's hands "upon the execution," and not to such sums as are actually paid to the creditor. It also appeared that no counsel appeared in that case for the sheriff. It further appears, that in the taxation aforesaid complained of in the rule, the marshal claimed and taxed the rate of poundage allowed by the before mentioned act of congress. In showing cause, the following questions arose, upon which the opinions of the judges were opposed, and which, on the request of the marshal by his said attorneys, were stated, and ordered to be certified by the clerk of this court, under the seal thereof, to the Supreme Court of the United States, at their next term, for their decision, viz.

1. Whether the marshal's poundage on moneys collected, made, or paid on executions issued out of a circuit or district court of the United States, is confined and regulated by the following words, viz. "for sales of vessels and other property, and for receiving and paying the money, for any sum under five hundred dollars, two and one half per cent; for any

[Bank of the United States v. Green and others.]

larger sum, of one and one quarter upon the excess;" in the first section of the act of congress, passed 28th February 1799, entitled "an act for providing compensation for the marshals, clerks, attorneys, jurors, and witnesses in the courts of the United States, viz. for all other services not herein enumerated, except as shall be hereafter provided, such fees and compensation as are allowed in the supreme court of the state where such services are rendered."

2. If regulated by the words first mentioned, then whether the marshal's poundage attaches upon a levy and return, where afterwards the debt shall be paid to the party, or only accrued upon a sale and receipt of the money and paying it over by him. Or,

3. Whether the marshal's poundage is confirmed by the before mentioned words in the proviso, and are in the cause here stated to be regulated by the before mentioned law of Ohio.

4. If the marshal's poundage in the cause here stated is to be regulated by the law of Ohio, then whether, by a just construction of that law, poundage is due upon the levy and return in question. Or,

5. Is this court bound by the construction of that law given by the supreme court of Ohio.

The case was argued by Mr Doddridge for the marshal of the district of Ohio, and by Mr Ewing for the defendant.

Mr Chief Justice MARSHALL delivered the opinion of the court: that the case was not within the jurisdiction of this court. The division of opinion was not upon any matter arising at the trial of the cause, but was upon a mere matter arising upon the service of the execution by the marshal; and was a mere question for the circuit court upon a collateral contest between the marshal and the bank, as to his right to fees. It was not therefore a case within the purview of the judicial act of 1802.